# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FAWN WALKER MONTGOMERY,** | : | CIVIL ACTION NO. 2:17-CV-840 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **TRISHA GADSON and MACEDONIA FAMILY & COMMUNITY ENRICHMENT CENTER, INC.,** | : | |
| Defendants | : | |

## **MEMORANDUM**

Plaintiff Fawn Walker Montgomery ("Montgomery") advances two claims for wrongful termination against her former employer and supervisor. (Doc. 1-2). Defendants move to dismiss Montgomery's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 4). We will grant defendants' motion and dismiss Montgomery's complaint with prejudice.

## I.   **Factual Background and Procedural History**

Montgomery was employed by defendant Macedonia Family & Community Enrichment Center, Inc. ("Macedonia") for "several years in various capacities." (Doc. 1-2 ¶ 4). Defendant Trisha Gadson ("Gadson") was Montgomery's immediate

supervisor.  (Id. ¶ 2).  Montgomery avers that she received several "excelent [sic]"[1] evaluations during her tenure, each indicating that Macedonia and Gadson believed Montgomery "was . . . performing her job well."  (Id. ¶ 4).

Sometime in 2016, Montgomery announced her intent to run for the Republican nomination for Pennsylvania legislature, challenging the Democratic incumbent.  (Id. ¶ 5).  Montgomery avers that, "[a]lmost immediately," she began to experience "problems at her job."  (Id. ¶ 6).  She alleges that defendants claimed in error that she was "not communicatin[g] with" them and baselessly criticized her for "causing complications with files and relationship issues."  (Id. ¶¶ 6-7).  According to Montgomery, Gadson wove this criticism from whole cloth as a pretextual basis for Montgomery's termination.  (See id. ¶¶ 10-11).  Montgomery further asserts that Macedonia was aware of, participated in, and conspired in Gadson's efforts.  (Id. ¶ 19).  Montgomery was eventually terminated from her employment with Macedonia.  (See id. ¶ 12).

Montgomery commenced this action by filing a two-count complaint in the Court of Common Pleas of Allegheny County, Pennsylvania.  (Doc. 1-2).  Therein, she asserts one count each against Gadson (Count 1) and Macedonia (Count 2) for wrongful termination in violation of Pennsylvania public policy.  (See id. at 4-7).  Defendants now move to dismiss Montgomery's complaint pursuant to Federal

---

[1] Similar typographical, grammatical, spelling, and capitalization errors abound in Montgomery's complaint.  (E.g., Doc. 1-2 ¶ 2 ("Defendant trisha gadson"); id. ¶ 6 ("Plaintiff was not communicatin [sic] with the Defendants"); id. ¶ 7 ("al [sic] of which was completely untrue"); id. ¶ 9 (". . . incorporates by referance [sic]"); id. ¶ 10 ("intentially"); id. ¶ 11 ("terminate Plaintoffs [sic] employment"); id. ¶ 15 (referring to the "first Amendant" and "14th Amendant")).  We admonish counsel to take care to avoid such careless drafting in the future.

Rule of Civil Procedure 12(b)(6). (Doc. 4). The motion is fully briefed and ripe for disposition. (Docs. 5, 9, 10, 13, 15).

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal,

556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts should grant leave to amend before dismissing a curable pleading in civil rights actions. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Courts need not grant leave to amend *sua sponte* in dismissing non-civil rights claims pursuant to Rule 12(b)(6), Fletcher-Harlee Corp., 482 F.3d at 252-53, but leave is broadly encouraged "when justice so requires." FED. R. CIV. P. 15(a)(2).

**III. Discussion**[2]

Pennsylvania law provides that employers may terminate employees "for any or no reason" unless the employee is subject to an employment agreement. Shick v. Shirey, 716 A.2d 1231, 1233 (Pa. 1998) (quoting Geary v. U.S. Steel Corp., 319 A.2d 174, 176 (Pa. 1974)). The Pennsylvania Supreme Court, however, has carved an exception to the at-will employment doctrine: employees may bring a wrongful termination claim when their termination violates "a 'clear mandate of public policy.'" McLaughlin v. Gastrointestinal Specialists, Inc., 750 A.2d 283, 313 (Pa. 2000) (quoting Geary, 319 A.2d at 180). The exception applies only when the state legislature formulates a public policy or "a given policy is so obviously for or against public health, safety, morals, or welfare that there is a virtual unanimity of opinion in regard to it." Weaver v. Harpster, 975 A.2d 555, 563 (Pa. 2009) (quoting Mamlin v. Genoe, 17 A.2d 407, 409 (Pa. 1941)).

Montgomery remonstrates that defendants impermissibly terminated her employment based on political motives, *viz.* her decision to run for a Republican nomination against a Democratic incumbent. (Doc. 1-2 ¶¶ 11, 18). She contends that such actions contravene the First and Fourteenth Amendments to the United States Constitution and, by extension, the public policy of the Commonwealth of Pennsylvania. (See id. ¶¶ 15, 22). Defendants rejoin that Macedonia is a private

---

[2] Neither party addresses the threshold question of this court's jurisdiction. Montgomery asserts two *state*-law causes of action in her complaint. (Doc. 1-2 at 4-7). This court's original jurisdiction over federal questions is limited to those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. We find that federal law is essential to each of the theories of liability that Montgomery asserts. Accordingly, the instant complaint properly invokes our federal question jurisdiction.

5

employer not subject to the First Amendment's proscriptions on governmental conduct and that Montgomery fails to identify a "clear mandate" of public policy encompassing her claim. (See Doc. 5 at 4-8, 9-11).

As a threshold matter, Montgomery fails to oppose the central argument raised in defendants' motion to dismiss. (See id. at 4-8; Doc. 13). Defendants note appropriately that Macedonia is a private employer. (Doc. 5 at 4-8). Montgomery offers neither argument nor legal authority in answer to defendants' assertion that the First Amendment applies only to governmental actors. (See Doc. 13). We deem Montgomery's failure to respond to this dispositive legal argument an abandonment of her claim. See Brice v. City of York, 528 F. Supp. 2d 504, 516 n.19 (M.D. Pa. 2007) (citing D'Angio v. Borough of Nescopeck, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999)); Brown v. Pa. State Dep't of Health, 514 F. Supp. 2d 675, 678 n.7 (M.D. Pa. 2007) (same)).

Waiver notwithstanding, we agree with defendants that the Pennsylvania Supreme Court would not extend the Commonwealth's public policy exception to include alleged federal constitutional violations by private actors. Only once has the Third Circuit Court of Appeals held that action taken by a private employer implicated the First Amendment for purposes of the public policy exception. In Novosel v. Nationwide Insurance Co., 721 F.2d 894 (3d Cir. 1983), the Third Circuit held that terminating a private employee for refusing to engage in forced political speech—specifically, the private employer's concerted political lobbying effort—constituted a violation of public policy under Pennsylvania law. See id. at 900-01.

Pennsylvania courts have not embraced the Novosel holding. Instead, they have held fast to a state actor requirement. See, e.g., Martin v. Capital Cities Media, Inc., 511 A.2d 830, 844 (Pa. Super. Ct. 1986); Cisco v. UPS, Inc., 476 A.2d 1340, 1344 (Pa. Super. Ct. 1984)); see also Correa v. Working Families United for N.J., No. 16-2217, 2017 WL 5951618, at *5 (D.N.J. Nov. 30, 2017) (collecting Pennsylvania cases)). The Third Circuit accordingly has declined to extend Novosel. Indeed, the court called its Novosel decision into question less than a decade after it issued, holding:

> In light of the narrowness of the public policy exception and of the Pennsylvania courts' continuing insistence upon the state action requirement, we predict that if faced with the issue, the Pennsylvania Supreme Court would not look to the First . . . Amendment[] as [a] source[] of public policy when there is no state action.

Borse v. Piece Goods Shop, Inc., 963 F.2d 611, 619-20 (3d Cir. 1992), as amended (May 29, 1992). As a result, Novosel has been "essentially limited . . . to its facts—a firing based on forced political speech." Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 112-13 (3d Cir. 2003), as amended (Jan. 20, 2004). Novosel thus has no application here. Consequently, Montgomery fails to state a claim for wrongful termination in violation of the Commonwealth's public policy.[3]

---

[3] It is unclear whether Montgomery also asserts a claim for violation of public policy as established by the Pennsylvania Constitution. To the extent her claim is grounded in the state constitution, the Third Circuit Court of Appeals has similarly predicted that the Pennsylvania Supreme Court would not extend its state's constitutional protections to action taken by private actors. See Borse, 963 F.2d at 620; see also Prewitt v. Walgreens Co., No. 12-6967, 2013 WL 6284166, at *3 (E.D. Pa. Dec. 2, 2013) (collecting cases).

## IV. **Conclusion**

The court will grant defendants' motion (Doc. 4) to dismiss. Because Montgomery's claims are legally rather than factually flawed, the court will not grant leave to amend. An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: March 30, 2018